In the Matter of LEONARD VAIL, Petitioner, against HARRY TERRY, a Justice of the Peace of the Town of Southold, Suffolk County, Respondent.

Supreme Court, Special Term, Suffolk County, August 20, 1947.

*Stanley S. Corwin* for petitioner.

*George C. Terry* for respondent.

WENZEL, J. This is an application for an order restraining Harry Terry, Esq., Justice of the Peace of the Town of Southold, from " taking any further proceedings on the order entered in July 25, 1947, in the matter entitled, ' People ex rel Lillian Rutzler vs. Leonard M. Vail.' "

On information filed by complainant, a summons was issued and served on the defendant charging him with " harboring a vicious dog." On the 25th day of July, 1947, a hearing was had with the usual lack of formality existing in most hearings, in the Justice of the Peace courts of this State, and the petitioner was apparently found guilty as charged, though no specific formal finding to that effect is disclosed in the record. It is conceded by both sides that this was a proceeding under section 116 of the Agriculture and Markets Law. The petitioner contends that this section is inapplicable, and that no proof of a violation of the same was established.

The first paragraph of the section concerns itself with an attack by a dog upon " a person ", and the balance thereof, with an attack upon " any domestic animal, as defined in section one hundred and seven of this chapter ". The words

" domestic animal " constitute a generic term which may have varied application in different parts of the world. The camel, the elephant and the ass may be domestic animals in Africa, the llama in South America, the reindeer in Lapland, but here they are found only amongst " wild animals " in zoos. Dogs and cats are usually considered domestic animals throughout the world, but clearly they were not intended to fall within the provisions of section 116 of the Agriculture and Markets Law for it limits its applicability to " any domestic animal, as defined in section one hundred and seven." There we find no mention of dogs and the defendant's conviction under section 116 was palpably in error. Some dogs, as some people, are quarrelsome and ill-dispositioned by nature; others are gentle and friendly. Where one is the owner of an unfriendly dog, consideration for his neighbors and their pets should prompt him to keep his dog under restraint. If he does not, he may make himself liable to civil suit, but he is not subject to section 116 of the Agriculture and Markets Law, unless his dog attacks a human being or one of the animals enumerated in section 107.

Motion granted.